**William Alfonso LANE, etc., Petitioner,**

**v.**

**Lt. Col. Arthur ALLEN, etc., Respondent.**

**Civ. A. No. C 69–49.**

United States District Court
N. D. Ohio, E. D.
Jan. 27, 1969.

Ralph Rudd, Rudd, Miller, Sheerer & Lybarger, Cleveland, Ohio, for plaintiff.

Carl Miller, Asst. U. S. Atty., for defendant.

## MEMORANDUM

BEN C. GREEN, District Judge.

The issue in this action for habeas corpus seeking petitioner's release from the United States Army, is whether petitioner was denied his procedural rights prior to induction into the service on January 21, 1969.

As of August 16, 1968 petitioner had been examined and found fully acceptable for induction into the armed forces and had been instructed to appear for induction on September 16, 1968. On September 5, 1968 petitioner filed with his Local Selective Service Board a dependency questionnaire containing written statements by petitioner and his mother.

Following receipt of the questionnaire the Local Board forwarded to petitioner a notice of postponement of induction until further order. On October 10, 1968 a letter was sent to petitioner by the Local Board advising him that the Board had reviewed his file with regard to his request for a dependency deferment and that they felt that his brothers and sisters should assume responsibility for the support of his mother and that he would be sent an order to report for induction at a later time.

The first issue in this action is whether the dependency questionnaire operated as a request for petitioner's selective service reclassification. The Court is of the opinion that it was sufficient in that regard. Section 1625.2 of the Selective Service Regulations, 32 C. F.R. § 1625.2, in pertinent part, provides that:

> The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant * * * any person who claims to be a dependent of the registrant * * * if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification.

Section 1625.2 further provides that the classification of a registrant shall not be reopened after the registrant has been ordered to appear for induction unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant has no control.

As a part of the dependency questionnaire petitioner stated that he had been planning on continuing his education but that:

> Then my brother got married so I changed my mind and went to work to help maintain our home and support my mother. Our home is not located in the best of neighborhoods. Therefore, it would be impossible for my mother to keep our home. She is not in the best of health and can't hold a job. She has depended on me for financial and protection support. All my brothers and sisters are married and maintain their own homes. Without me the house will be demolished.

His mother's written statement was of a similar import and contained the following:

William is my only support * * *. My home would be destroyed if William wasn't there to help me keep it. Also I can't live here by myself if he wasn't here for protection * * * Sirs I appeal to you to let William stay here for my support and protection * * *

Although the written statements contained no explicit request for reclassification, the Court believes that their overall import was clear. Both petitioner and his mother were requesting that petitioner be exempted from military service on the ground that his presence was required at home. Such an appeal plainly presents a request that petitioner's then existing I–A classification by changed.

It thus appears that the filing of the dependency questionnaire on its face satisfied two of the three conditions of Regulation 1625.2: (1) a request for reclassification, (2) a prima facie showing of changed circumstances. The remaining question is whether the dependency questionnaire presented facts which, if true, would justify a change in the registrant's classification. This latter proposition also brings under consideration Regulation 1625.4, which is relied upon by the respondent as authority for the Local Board's action in this case.

■■■ Regulation 1625.4, in pertinent part, provides that:

* * * even if new facts are presented, the local board is of the opinion that such facts, if true, would not justify a change in such registrant's classification, it shall not reopen the registrant's classification. In such a case, the local board, by letter, shall advise the person filing the request that the information submitted does not warrant the reopening of the·registrant's classification and shall place a copy of the letter in the registrant's file.

Reading Regulations 1625.4 and 1625.2 together it appears that the phrase "may reopen" in 1625.2 means "shall reopen," unless the Local Board finds that the facts relied upon in the written information accompanying the request for reclassification, even if true, would not justify a change in classification. Stated conversely, a registrant whose written statement makes out a prima facie case for reclassification is, under Regulation 1625.2, entitled to have his classification reopened and considered anew. United States v. Freeman, 388 F.2d 246 (C.A. 7, 1967); United States ex rel. Wilkerson v. Commanding Officer, Armed Forces Examining Station, 39, 286 F.Supp. 290 (D.C.S.D.N.Y., 1968).

■■■ Respondent contends that the Local Board's action as reflected by its letter to petitioner of October 10, 1968, was in full conformity with Regulation 1625.4. This Court does not believe it was in conformity with said regulation. The Local Board did not make a finding that the information submitted by petitioner and his mother, if true, would not justify a change in petitioner's classification. Rather, it went beyond the information as set forth by petitioner and his mother and made an independent factual determination of the question of Mrs. Lane's dependency based on the ability of her other children to provide for her. Such a determination should not have been made pursuant to Regulation 1625.4, United States v. Freeman, supra; United States ex rel. Wilkerson v. Commanding Officer, supra.

The standards of qualification for a III–A dependency exemption are set forth at 32 C.F.R. § 1622.30. The standards as set forth therein are rather general, and it would appear that ultimate resolution of a claim thereunder presents basically a question of fact for each case. It is the Court's opinion, however, that the statements of petitioner and his mother in the dependency questionnaire made out a prima facie case by petitioner for a claim of reclassification as III–A. That being so, the Local Board should have granted petitioner's request

to have his classification reopened under Regulation 1625.2 rather than summarily rejecting the request under Regulation 1625.4.

The Local Board's failure to follow the proper procedure deprived petitioner of certain valuable rights provided for in the Selective Service Regulations. Primary among those rights are the right to a personal appearance before the board and the right of appeal in the event that the board determined the petitioner's request for reclassification adversely to him on its merits. 32 C.F.R. §§ 1624.2, 1625.11, 1625.12, 1625.13.

The petitioner did make a personal appearance before his Local Board on January 15, 1969. The circumstances leading up to that visit originated with a letter petitioner sent to the Local Board on December 11, 1968 requesting that his classification be reopened because of the hardship to his mother and further requesting a personal appearance before the Board. On December 30, 1968 the Board responded with a letter ordering petitioner to report for induction on January 20, 1969 but stating that if he appeared at a Local Board meeting on January 15, 1969 he would be given a personal interview.

Although the Local Board specifically noted that petitioner's appearance was a "courtesy interview" and that it did not create any appeal rights, the Board minutes indicate that a vote was taken on his case resulting in the determination, "no justification to reopen. Registrant to report for induction on the 20th," and the following day the Board wrote petitioner stating it had again reviewed his file and did not feel justified in granting any further postponements of induction. The Court finds that this procedure does not comply with the requirements of the controlling regulations. Even assuming that it could be construed as the reopening of petitioner's classification by the Local Board, the decision not to reclassify required the issuance of a new Notice of Classification, 32 C.F.R. §§ 1624.2(d), 1625.11, 1625.12,

and not informal action by way of letter. The issuance of a new classification brings with it rights of appeal, 32 C.F.R. §§ 1624.2(e), 1625.13, which the Local Board's minutes specifically stated would not arise from the granting of the courtesy interview.

By virtue of the fact that the Local Board's failure to reopen petitioner's selective service classification was contrary to the controlling regulations and thus a denial of procedural due process, rendering the order for his induction into the armed forces invalid, it necessarily follows that this petition for writ of habeas corpus seeking his release from the United States Army must be granted.

Respondent's counsel has suggested that the petition should be denied in that it should be obvious that the Local Board's prior factual determinations would indicate that petitioner will be unable to establish his right to a III–A dependency deferment. Nothing said herein has been intended to reflect any view of this Court on the merits of petitioner's dependency claims, for the issues of this action pertain to procedural regularity only. Assuming however, that respondent's view of the merits is correct, the procedural law must be complied with even though the Board after reopening might have a sufficient basis to refuse to grant the requested reclassification. United States v. Burlich, 257 F.Supp. 906 (D.C.S.D.N.Y., 1966).

The primary relief sought by the petition is an order requiring that petitioner be discharged from the United States Army by an Honorable Discharge. The Court cannot perceive how petitioner can be honorably discharged from a branch of the service into which he was not legally inducted. An order will be entered ordering that petitioner be released forthwith from the United States Army and from the custody of respondent, without prejudice to whatever further classification procedures may be appropriate within the Selective Service System.